UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY DARTY, | No. 2:25-cv-1771 CSK P |
|     Petitioner, | |
|     v. | ORDER |
| RICK HILL, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

For the following reasons, petitioner is ordered to show cause why the petition should not be dismissed for failure to state a cognizable claim for relief.

Petitioner originally filed his petition in the Ninth Circuit Court of Appeals. (ECF No. 2.) On June 20, 2025, the Ninth Circuit transferred the petition to this Court. (ECF No. 1.) In the transfer order, the Ninth Circuit stated that the petition raised claims regarding the denial of petitioner's petition for resentencing under California Penal Code § 1172.6. (Id.) Although the petition is difficult to understand, it appears that petitioner claims that the denial of his petition for resentencing under California Penal Code § 1172.6 violated petitioner's right to due process.

(ECF No. 2 at 3-4.)

The California Court of Appeal affirmed the trial court's denial of petitioner's petition for resentencing under California Penal Code § 1172.6:

> FACTUAL AND PROCEDURAL BACKGROUND
>
> In November 2008, after a dispute involving a romantic partner of defendant's, defendant and a companion shot one man and attempted to shoot three of the victim's companions. One of the victims was paralyzed from the waist down. Investigating police officers found 17 expended bullet casings. (People v. Darty (Sept. 17, 2012, C065494) [nonpub. opn.].)
>
> A jury found defendant guilty of four counts of attempted murder and found personal discharge and use of a firearm enhancements to be true. (§§ 187, subd. (a), 664, 12022.5, subd. (a)(1), 12022.53, subds. (b)-(d).) The trial court sentenced defendant to 50 years to life. On appeal, this court affirmed the judgment. (People v. Darty, supra, C065494.)
>
> In June and July 2022, defendant filed two petitions for resentencing under section 1172.6. Counsel was appointed and the prosecution filed a brief arguing defendant was ineligible for relief because the jury was not instructed on a now-invalid theory of imputed liability for attempted murder. The prosecution attached a copy of this court's opinion resolving defendant's appeal of his original conviction (People v. Darty, supra, C065494), the jury instructions given, and the jury verdict forms from defendant's underlying conviction. Defendant filed a reply arguing the jury could have imputed malice based on the kill zone instruction given during trial.
>
> In June 2023, the trial court issued a tentative order denying defendant's petition for resentencing. The trial court reasoned the jury was never instructed regarding the natural and probable consequences doctrine. Instead, the jury was instructed with CALCRIM No. 600, which required the jury to find defendant possessed the intent to kill in order to find him guilty of attempted murder. Because defendant was not convicted under a now-invalid theory, he was ineligible for relief.
>
> In July 2023, the trial court held a prima facie hearing. The court heard additional arguments from the parties and subsequently adopted its tentative ruling.
>
> Defendant filed a timely appeal.
>
> DISCUSSION
>
> 1. Legal Background
>
> Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to

2

murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Generally, a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition to have the conviction vacated and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).) Although the natural and probable consequences theory is no longer an option under current law to convict an aider and abettor for murder or attempted murder, he or she can still be convicted as a direct aider and abettor. (§§ 188, 189.) An individual also can still be convicted of attempted murder if he or she has the specific intent to kill and commits a direct but ineffectual act toward its commission. (People v. Mejia (2012) 211 Cal.App.4th 586, 605.)

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (People v. Lewis (2021) 11 Cal.5th 952, 971.) The court ""'takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.'"" (Ibid.) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (Ibid.; see also People v. Harden (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].) Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (Lewis, supra, at p. 972.)

2. Analysis

Defendant points to no evidence and offers no argument that contradicts the trial court's correct finding that defendant is ineligible for relief under section 1172.6 because the jury was never instructed regarding natural and probable consequences. To the extent defendant invites us to reweigh the evidence by arguing that the evidence fails to show that he was the actual shooter, we decline to do so.

People v. Darty, 2024 WL 2309159, at *1-2 (Cal. App. May 22, 2024).

On July 31, 2024, the California Supreme Court denied petitioner's petition for review of

the order by the California Court of Appeal affirming the trial court's denial of petitioner's petition for resentencing under California Penal Code § 1172.6.[1]

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws or treaties of the United States.  See 28 U.S.C. § 2254(a).  Relief is not available for errors in the interpretation or application of state law.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Whether a petitioner is eligible for or entitled to resentencing under California Penal Code § 1172.6 is an issue of state law and does not give rise to a claim cognizable on federal habeas review.  See Watson v. Lundy, 2025 WL 1268633, at *3 (C.D. Cal. May 1, 2025); Carter v. Lundy, 2025 WL 589031, at *1 (C.D. Cal. Feb. 24, 2025) ("A claim that a state court erroneously applied state law in denying a § 1172.6 application is not cognizable on federal habeas review, notwithstanding the petition's 'cursory reference to the Fourteenth Amendment.'") (internal citations omitted).

In the instant petition, petitioner's claim challenging the denial of his petition for resentencing pursuant to California Penal Code § 1172.6 does not invoke any federal basis for relief.  For this reason, petitioner is ordered to show cause why the petition should not be dismissed for failure to state a cognizable claim for relief.  If petitioner does not respond to this order, this Court will recommend dismissal of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) is granted; and

2. Within thirty days of the date of this order, petitioner shall show cause why the petition should not be dismissed for failure to state a cognizable claim for relief.  Failure to respond to this order will result in a recommendation of dismissal of this action.

Dated: July 18, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Dart1771.ord/2

---

[1] This Court takes judicial notice of the docket in California Court of Appeal case no. C099137 containing the information regarding the petition for review.  See Fed. R. Evid. 201; Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (taking judicial notice of state court dockets).