UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY DARTY, | No. 2:25-cv-1771 CSK P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RICK HILL, | |
| Respondent. | |

**I. INTRODUCTION**

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 18, 2025, this Court ordered petitioner to show cause why this action should not be dismissed for failure to state a cognizable claim for relief. (ECF No. 7.) On July 31, 2025, petitioner filed a response to the order filed July 18, 2025. (ECF No. 8.)

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the following reasons, this Court recommends that this action be dismissed because it is clear that petitioner is not entitled to federal habeas relief.

///

## II. DISCUSSION

Petitioner originally filed his petition in the Ninth Circuit Court of Appeals. (ECF No. 2.) On June 20, 2025, the Ninth Circuit transferred the petition to this Court. (ECF No. 1.) In the transfer order, the Ninth Circuit stated that the petition raised claims regarding the denial of petitioner's petition for resentencing under California Penal Code § 1172.6. (Id.) Although the petition is difficult to understand, it appears that petitioner claims that the denial of his petition for resentencing under California Penal Code § 1172.6 violated petitioner's right to due process. (ECF No. 2 at 3-4.)

For the following reasons, the California Court of Appeal affirmed the trial court's denial of petitioner's petition for resentencing under California Penal Code § 1172.6:

> FACTUAL AND PROCEDURAL BACKGROUND
>
> In November 2008, after a dispute involving a romantic partner of defendant's, defendant and a companion shot one man and attempted to shoot three of the victim's companions. One of the victims was paralyzed from the waist down. Investigating police officers found 17 expended bullet casings. (People v. Darty (Sept. 17, 2012, C065494) [nonpub. opn.].)
>
> A jury found defendant guilty of four counts of attempted murder and found personal discharge and use of a firearm enhancements to be true. (§§ 187, subd. (a), 664, 12022.5, subd. (a)(1), 12022.53, subds. (b)-(d).) The trial court sentenced defendant to 50 years to life. On appeal, this court affirmed the judgment. (People v. Darty, supra, C065494.)
>
> In June and July 2022, defendant filed two petitions for resentencing under section 1172.6. Counsel was appointed and the prosecution filed a brief arguing defendant was ineligible for relief because the jury was not instructed on a now-invalid theory of imputed liability for attempted murder. The prosecution attached a copy of this court's opinion resolving defendant's appeal of his original conviction (People v. Darty, supra, C065494), the jury instructions given, and the jury verdict forms from defendant's underlying conviction. Defendant filed a reply arguing the jury could have imputed malice based on the kill zone instruction given during trial.
>
> In June 2023, the trial court issued a tentative order denying defendant's petition for resentencing. The trial court reasoned the jury was never instructed regarding the natural and probable consequences doctrine. Instead, the jury was instructed with CALCRIM No. 600, which required the jury to find defendant possessed the intent to kill in order to find him guilty of attempted murder. Because defendant was not convicted under a now-invalid theory, he was ineligible for relief.

2

In July 2023, the trial court held a prima facie hearing. The court heard additional arguments from the parties and subsequently adopted its tentative ruling.

Defendant filed a timely appeal.

DISCUSSION

1. Legal Background

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Generally, a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition to have the conviction vacated and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).) Although the natural and probable consequences theory is no longer an option under current law to convict an aider and abettor for murder or attempted murder, he or she can still be convicted as a direct aider and abettor. (§§ 188, 189.) An individual also can still be convicted of attempted murder if he or she has the specific intent to kill and commits a direct but ineffectual act toward its commission. (People v. Mejia (2012) 211 Cal.App.4th 586, 605.)

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (People v. Lewis (2021) 11 Cal.5th 952, 971.) The court "'"takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'" (Ibid.) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (Ibid.; see also People v. Harden (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].) Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (Lewis, supra, at p. 972.)

///

2. Analysis

> Defendant points to no evidence and offers no argument that contradicts the trial court's correct finding that defendant is ineligible for relief under section 1172.6 because the jury was never instructed regarding natural and probable consequences. To the extent defendant invites us to reweigh the evidence by arguing that the evidence fails to show that he was the actual shooter, we decline to do so.

People v. Darty, 2024 WL 2309159, at *1-2 (Cal. App. May 22, 2024).

On July 31, 2024, the California Supreme Court denied petitioner's petition for review of the order by the California Court of Appeal, affirming the trial court's denial of petitioner's petition for resentencing under California Penal Code § 1172.6.[1]

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2254(a). Relief is not available for errors in the interpretation or application of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Whether a petitioner is eligible for or entitled to resentencing under California Penal Code § 1172.6 is an issue of state law and does not give rise to a claim cognizable on federal habeas review. See Watson v. Lundy, 2025 WL 1268633, at *3 (C.D. Cal. May 1, 2025); Carter v. Lundy, 2025 WL 589031, at *1 (C.D. Cal. Feb. 24, 2025) ("A claim that a state court erroneously applied state law in denying a § 1172.6 application is not cognizable on federal habeas review, notwithstanding the petition's 'cursory reference to the Fourteenth Amendment.'") (internal citations omitted).

In the order filed July 18, 2025, this Court found that petitioner's claim challenging the denial of his petition for resentencing pursuant to California Penal Code § 1172.6 did not invoke any federal basis for relief. (ECF No. 7.) For this reason, petitioner was ordered to show cause why the petition should not be dismissed for failure to state a cognizable claim for relief. (Id.) In the response to the order to show cause, petitioner argues that he is entitled to relief under

---

[1] This Court takes judicial notice of the docket in California Court of Appeal case no. C099137 containing the information regarding the petition for review. See Fed. R. Evid. 201; Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (taking judicial notice of state court dockets).

California Penal Code § 1172.6 but fails to demonstrate that his petition raises a cognizable claim for relief. (ECF No. 8.) In the response to the order to show cause, petitioner may also be raising claims challenging the validity of his underlying conviction. (Id.) Petitioner previously filed a habeas corpus petition in this court challenging the validity of his underlying conviction for one count of attempted murder with use of a firearm resulting in great bodily injury and three counts of attempted murder with use of a firearm. See Darty v. Soto, 2:13-cv-2572 TLN AC P (E.D. Cal.).[2] On January 5, 2017, the court denied petitioner's habeas corpus petition filed in case no. 2:13-cv-2572 and judgment was entered. See 2:13-cv-2572 (ECF Nos. 31, 32). Petitioner appealed the denial of his habeas corpus petition in case no. 2:13-cv-2572. See id. (ECF No. 33). On August 4, 2017, the Ninth Circuit denied petitioner's request for a certificate of appealability regarding this appeal. See id. (ECF No. 37). If petitioner intends to file a second or successive habeas corpus petition raising claims challenging the validity of his underlying conviction, petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition. See 28 U.S.C. § 2244(b)(3) ("Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

    Petitioner also attaches 115 pages of exhibits to his response to the order to show cause. (ECF No. 8 at 6-121.) This Court reviewed these exhibits and finds no evidence demonstrating that the instant petition raises a cognizable federal claim.

    For the reasons discussed above, this Court recommends that this action be dismissed for failing to raise a cognizable claim for relief.

    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

    IT IS HEREBY RECOMMENDED that this action be dismissed.

    These findings and recommendations are submitted to the United States District Judge

---

[2] This Court takes judicial notice of the record in case no. 2:13-cv-2572. See Fed. Rule of Evid. 201; Reyns's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (court may take judicial notice of matters of public record, including information in court proceedings).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Dart1771.156/2

6