UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY DARTY,<br>Petitioner,<br>v.<br>RICK HILL,<br>Respondent. | No. 2:25-cv-1771 DAD CSK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS ACTION WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 9) |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 4, 2025. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On July 18, 2025, the assigned magistrate judge issued an order requiring petitioner to show cause in writing why the pending petition should not be dismissed due to petitioner's failure to state a cognizable claim for federal habeas relief. (Doc. No. 7.) On July 31, 2025, petitioner filed his response to that order to show cause. (Doc. No. 8.) On September 12, 2025, the magistrate judge issued the pending findings and recommendations recommending that this habeas action be dismissed due to petitioner's failure to state a cognizable claim for federal habeas relief. (Doc. No. 9.) Specifically, the magistrate judge concluded that petitioner's claim

challenging the denial of his petition for re-sentencing under California Penal Code § 1172.6 did not present a cognizable claim for federal habeas relief and that any claim he might be attempting to present challenging his underlying state court conviction was an unauthorized second or successive petition in light of his prior habeas challenge to that conviction having been rejected by the Ninth Circuit. (*Id.* at 4–5.)

Those findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 6.) On October 3, 2025, petitioner filed objections to the pending findings and recommendations in which he suggests that his challenge to the denial of his petition for re-sentencing under California Penal Code § 1172.6 presented in his petition before this court presents a denial of due process claim that is cognizable on federal habeas. (Doc. No. 12.) Petitioner's argument is unpersuasive and provides no basis upon which to reject the pending findings and recommendations. *See Jackson v. Borla*, No. 1:24-cv-0786 JLT CDB, 2026 WL 498641, at *1 (E.D. Cal. Feb. 23, 2026) ("Penal Code § 1172.6 codified changes to state law and allowed state prisoners to seek to have convictions vacated if that state law change applies to them. As the Findings and Recommendations explain, however, '[a] federal habeas petitioner may not transform a state-law issue into a federal one merely by labelling it a 'due process' claim or making a general appeal to constitutional guarantees.'").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly:

1. The findings and recommendations issued September 12, 2025 (Doc. No. 9) are adopted in full;
2. The petition is dismissed without leave to amend and without prejudice;
3. The court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE